## UNITED STATES GYPSUM CO. et al. v. MASONITE CORPORATION et al.

### No. 1220.

District Court, D. Delaware.

Dec. 7, 1937.

Marvel, Morford, Ward & Logan, of Wilmington, Del., Thomas G. Haight (of Wall, Haight, Carey & Hartpence), of Jersey City, N. J., Arthur A. Olson (of Ames, Thiess, Olson & Mecklenburger), of Chicago, Ill., for plaintiffs.

Hugh M. Morris, of Wilmington, Del., Herbert H. Dyke (of Dyke & Schaines), of New York City, and Benjamin B. Schneider, of Chicago, Ill., for defendants.

NIELDS, District Judge.

Motion for preliminary injunction.

The bill of complaint alleges that on the 10th and 11th days of September, 1929, the plaintiff Dailey was the original inventor of an improvement in hard-pressed wood products for which an application for patent was filed in the United States Patent Office September 13, 1934, serial No. 743,879. This application was thereafter placed in interference with an application of the defendant Mason filed May 14, 1932, serial No. 611,431. The application of Dailey was assigned to plaintiff United States Gypsum Company, and the application of Mason was assigned to defendant Masonite Corporation. After due proceedings in said inter-

ference, the Examiner of Interferences awarded priority of invention to Mason. Thereafter, the Board of Appeals in the Patent Office affirmed the decision of the Examiner of Interferences. That decision is challenged in this suit as unsupported in law and fact.

Upon the filing of this bill of complaint, plaintiff moved for a preliminary injunction enjoining the defendant corporation "from proceeding further with the prosecution toward allowance of the United States patent application of William H. Mason, Serial No. 611,431, from paying the final government fee and from receiving a patent upon the said application of William H. Mason." This motion was heard upon affidavits. The affidavits deal with the merits of the issue framed upon bill and answer. That issue is the narrow one of priority of invention, and should be determined only after full hearing.

This court is without jurisdiction to restrain the Commissioner of Patents from issuing a patent upon the Mason application. The Commissioner of Patents is an agent of an executive branch of the government and his duties are prescribed by statute. 35 U.S.C.A. § 6. The real relief here sought is to enjoin the Masonite Corporation from paying the final fee after allowance of the Mason patent. Restraining defendants from paying the final fee is in effect restraining the Commissioner of Patents from issuing the patent. In other words, plaintiff is seeking indirectly to accomplish what it admits it cannot accomplish directly. If the Mason patent is allowed, the payment of the final fee is a legal right with which this court cannot interfere. Upon the payment of the final fee, the Commissioner is bound by statute to issue the patent. 35 U.S.C.A. § 41.

In any event, the issuance of a preliminary injunction rests solely in the sound discretion of the court. In the exercise of this discretion the court will deny the motion.